FILED

APR 17 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ERAUSQUIN,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA;<br>CONTRA COSTA SHERIFF<br>DEPARTMENT; OFFICER<br>MICHAEL RECTOR; OFFICER<br>CHRISTOPHER HAMBLIN;<br>SHERIFF DAVID LIVINGSTON;<br>DOES 1-30,<br><br>    Defendants.<br>_____/ | No. C 12-0169 WHA (PR)<br><br>**SCHEDULING ORDER** |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail, filed this pro se civil rights action pursuant to 42 U.S.C. 1983 in state court. Defendants then removed the case to federal court on the basis of subject matter jurisdiction because of the claims under federal law. Based upon a review of the complaint pursuant to 28 U.S.C. 1915A, dispositive motions and other matters are scheduled below.

## ANALYSIS

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendants Rector and Hamblin shot him nine times during the course of his arrest, and that these actions were occasioned by inadequate training and policies at the Contra Costa County Sheriff's Department. When liberally construed, plaintiff's claims under state and federal law are cognizable.

2

**CONCLUSION**

1. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

    c. Defendants **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

2. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

1    4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
2 informed of any change of address and must comply with the court's orders in a timely fashion.
3 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
4 Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\ERAUSQUIN0169.SRV.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GONZALO ERAUSQUIN,

        Plaintiff,

v.

CONTRA COSTA COUNTY OF et al,

        Defendant.
_____/

Case Number: CV12-00169 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gonzalo Erausquin Booking #:CC099
Martinez Detention Facility
901 Court Street
Martinez, CA 94553

Dated: April 19, 2012

                                        Richard W. Wieking, Clerk
                                        By: Lili M. Harrell, Deputy Clerk