1

2

3

4

5

6

**United States District Court**

For the Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GONZALO ERAUSQUIN,

               Plaintiff,

  v.

COUNTY OF CONTRA COSTA;
CONTRA COSTA SHERIFF
DEPARTMENT; OFFICER
MICHAEL RECTOR; OFFICER
CHRISTOPHER HAMBLIN;
SHERIFF DAVID LIVINGSTON;
DOES 1-30,

               Defendants.

_____/

No. C 12-0169 WHA (PR)

**ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT**

(Docket No. 20)

**INTRODUCTION**

      Plaintiff filed this pro se civil rights action in state court claiming that Officers Michael

Rector and Christopher Hamblin of the Contra Costa County Sheriff's Department used

excessive force while arresting him. Because the complaint contained federal claims under 42

U.S.C. 1983, Rector, Hamblin, and defendants Sheriff David Livingston and the County of

Contra Costa timely removed the case to federal court. *See* 28 U.S.C. 1441, 1367. Defendants

filed a motion for summary judgment and served plaintiff with the warning about summary

judgment motions required by *Rand v. Rowland*, 154 F.3d 952,953-954 (9th Cir. 1998) (en

banc). Despite that warning, plaintiff did not file an opposition. Plaintiff has sent two letters to

the court about his claims, which have been considered, and defendants filed a reply brief.  For the reasons discussed below, the motion for summary judgment is **GRANTED**.

**ANALYSIS**

A.    STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v.  Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

B.    ANALYSIS

The motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 f.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in

2

**United States District Court**
For the Northern District of California

1   opposition to a motion for summary judgment, the district court is not required to search the

2   record sua sponte for a triable issue of fact).

3       The papers in support of the motion for summary judgment show that Rector and

4   Hamblin are entitled to summary judgment.  Defendants' papers show that Officers Rector and

5   Hamblin, found plaintiff in a parking lot at the scene of a burglary alarm and, while in uniform,

6   ordered him to stop,, but got into a "box truck" and began to drive away (Rector Decl. ¶¶ 3-11;

7   Hamblin Decl. ¶¶ 3-6).  Rector jumped onto the truck's running board and was thrown to the

8   ground when plaintiff accelerated the truck in reverse (Rector Decl. ¶¶ 11-14).  Plaintiff then

9   drove the truck toward Rector, and Rector fired his gun at him (*id.* ¶¶ 15-16).  Plaintiff then

10  drove the truck into the patrol car where Hamblin was in the driver seat, sending the car across

11  the street into a hillside and crushing the driver door shut (*id.* ¶ 12; Rector Decl. ¶ 18).  Hamblin

12  got out of his car, and plaintiff backed the truck up and drove it towards Hamblin two times;

13  after plaintiff ignored their orders to stop, the officers fired their guns at him (Hamblin Decl. ¶

14  13; Rector Decl. ¶¶ 19-21).  Hamblin then ran alongside the truck as it drove onto a street, and

15  he fired more shots at plaintiff when plaintiff swerved the truck towards him and ignored further

16  orders to stop (Hamblin Decl. ¶¶ 14-15; Rector Decl. ¶ 22).  Plaintiff eventually stopped the

17  truck and was arrested (Hamblin Decl. ¶ 16; Rector Decl. ¶ 23).  Defendants do not dispute

18  plaintiff's allegations that he was shot nine times and suffered severe injuries.  Plaintiff was

19  convicted pursuant to his no contest plea to one count of attempted murder of Hamblin and one

20  count of assault with a deadly weapon upon a peace officer (Rector) (Def. Req. Jud. Not. Exh.

21  A).

22      Because of his convictions, plaintiff's claims that Hamblin and Rector used excessive

23  force are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Heck* bars plaintiffs from

24  recovering damages on a claim whose success would call a state court conviction into question,

25  unless that conviction has been overturned on appeal or otherwise invalidated.  *Ibid.*  Plaintiff's

26  convictions for attempted murder and assault of Hamblin and Rector are premised on the fact

27  that he drove his truck at them, whereas his claims under Section 1983 are premised on his

28

3

**United States District Court**
For the Northern District of California

1    allegation that he did not drive his truck at them.  The convictions also require that the officers

2    were not using excessive force when plaintiff assaulted and attempted to murder them, *see Beets*

3    *v. County of Los Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2011); *Cunningham v. Gates*, 312 F.3d

4    1148, 1154-55 (9th Cir. 2002), whereas his claims here require a finding that they did.  Thus his

5    claims, if successful, would call into question the validity of his convictions.  *Cf. ibid.*

6    Therefore, plaintiff's claims under Section 1983 are barred until and unless his convictions have

7    been overturned.

8          In addition, under the circumstances set forth in defendants' evidence, Rector and

9    Hamblin used a reasonable amount of force under the Fourth Amendment.  Determining

10   whether the force used during the course of an arrest was reasonable under the Fourth

11   Amendment includes examining "the severity of the of the crime at issue, whether the suspect

12   poses an immediate threat to the safety of the officers or others, and whether he is actively

13   resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 394-

14   96 (1989).  The use of deadly force is reasonable if the police officer has probable cause to

15   believe that the suspect poses a significant threat of death or serious physical injury to the

16   officer or others. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985).  Under the circumstances

17   described in defendants' evidence, Rector and Hamblin shot at plaintiff only when he

18   threatened their lives by driving his truck directly towards them after repeatedly disobeying

19   their orders to stop: plaintiff drove his truck at Rector after he had fallen to the ground, and

20   plaintiff crashed his truck into the patrol car with Hamblin in it and then twice backed up and

21   drove the truck at Hamblin.  They were justified under the Fourth Amendment in using deadly

22   force under these circumstances in order to stop plaintiff who was threatening their lives and

23   ignoring their orders to stop.  To the extent that the officers' conduct was reasonable under the

24   Fourth Amendment, moreover, the Sheriff and Contra Costa County are also not liable under

25   Section 1983 for plaintiff's injuries.

26         As noted, plaintiff did not file an opposition or any evidence in opposition to the

27   summary judgment motion.  In his complaint and two letters he sent to the court following

28

4

**United States District Court**

For the Northern District of California

1    defendants' motion (dkt. 27 and 30), he alleges that he was trying to drive his truck away from

2    Rector and Hamblin not towards them, although he concedes that he drove the truck into the

3    patrol car where Hamblin was seated and did not obey their orders to stop.  Neither the

4    complaint nor the letters are verified, however, and as such they cannot be treated as sworn

5    affidavits, nor can the facts alleged therein be considered evidence opposing summary

6    judgment. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).  Even if

7    plaintiff had submitted a sworn affidavit or other evidence supporting his account, moreover,

8    his claims would still be barred by *Heck*, as discussed above.

9          Based on defendants' evidence, there is no genuine issue of material fact Defendants'

10   are entitled to summary judgment on plaintiff's claims under Section 1983.  Plaintiff's claims

11   under state law are dismissed without prejudice to bringing them in state court.  *See* 28 U.S.C. §

12   1367(c).

13                                          **CONCLUSION**

14         The motion for summary judgment (dkt. 20) is **GRANTED**.  The clerk shall enter

15   judgment and close the file.

16         **IT IS SO ORDERED.**

17
     Dated: February ___13___, 2012.
18                                                    _____
                                                     WILLIAM ALSUP
19                                                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27   G:\PRO-SE\WHA\CR.12\ERAUSQUIN0169.MSJ.wpd

28
                                                    5